1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DONALD WILLIAMS,                        No. CIV S-10-3406-CMK-P

12              Plaintiff,

13         vs.                                ORDER

14    ALLEN SOBEL, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1) and motion for

19    temporary restraining order (Doc. 2).  Plaintiff has consented to Magistrate Judge jurisdiction

20    pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

21              The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

1    of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means

2    that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

3    1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

4    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

5    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

6    with at least some degree of particularity overt acts by specific defendants which support the

7    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

8    impossible for the court to conduct the screening required by law when the allegations are vague

9    and conclusory.

10

11                          **I.  PLAINTIFF'S ALLEGATIONS**

12              Plaintiff alleges in his complaint that the defendants are not fulfilling their

13   obligation pursuant to a settlement agreement reached in a separate action in this court, Williams

14   v. Braida, case number 08cv1138-FCD-GGH.  In that action, the parties participated in a

15   mediation with Judge Vadas, and a settlement was reached.  However, plaintiff claims that he

16   never received the settlement funds, and is requesting the court intervene to enforce that

17   settlement.  The defendants named in this action apparently include persons who were involved

18   in that settlement process.

19

20                               **II.  DISCUSSION**

21              Plaintiff's complaint fails to state a claim upon which relief can be granted.

22   Section 1983 provides that "[e]very person who, under color of any statute, ordinance,

23   regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

24   causes to be subjected, any citizen of the United States or other person within the jurisdiction

25   thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and

26   laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

1  proceeding for redress . . . ." 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff

2  must allege that:  (1) defendant was acting under color of state law at the time the complained of

3  act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or

4  immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West

5  v. Atkins, 487 U.S. 42, 48 (1988), Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

6          Plaintiff has stated no cognizable theory of liability.  He has not alleged any

7  depravation of rights protected by the Constitution or laws of the Untied States.  What he is

8  requesting, enforcement of a settlement obtained in a separate action, must be addressed in the

9  separate action not a new one.  Violation of a settlement does not raise to the level of a

10  Constitutional violation, nor has plaintiff identified any federal law the defendants have violated.

11  As plaintiff's allegations cannot form the basis of an independent theory of liability cognizable in

12  this court upon which to base remedy of injunctive relief, his complaint must be dismissed.

13          As the complaint must be dismissed, plaintiff cannot support his request for a

14  temporary restraining order.  The legal principles applicable to requests for injunctive relief, such

15  as a temporary restraining order or preliminary injunction, are well established.  To prevail, the

16  moving party must show that irreparable injury is likely in the absence of an injunction.  See

17  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

18  Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a

19  lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer

20  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

21  1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

22  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

23  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

24  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

25          As plaintiff cannot state a claim, he cannot succeed on the merits of his claims.

26  His request for a restraining order, therefore, must be denied.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff will be required to show cause in writing, within 20 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for temporary restraining order (Doc. 2) is denied; and

2.      Plaintiff shall show cause in writing, within 20 days of the date of this order, why this action should not be dismissed for failure to state a claim.

DATED:  September 1, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE